## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON BRESSI, | No. 1:21-CV-01265 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA PAROLE BOARD, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MARCH 2, 2022

Plaintiff Aaron Bressi filed the instant *pro se* Section 1983[1] action, claiming constitutional violations in relation to his parole denial.[2]  Defendants have moved to dismiss the complaint in its entirety.  Because Bressi plainly fails to state a claim for relief, the Court will dismiss his complaint.

## I.    BACKGROUND

Bressi is currently serving a four- to eight-year sentence for state crimes including terroristic threats, aggravated assault, simple assault, and driving

---

[1]    42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]    Doc. 1.

infractions.[3]  He alleges that he was denied parole on June 1, 2020, and then again on May 10, 2021.[4]  Bressi maintains that, prior to his May 2021 parole interview, he had a misconduct-free history and followed all the "laws and rules" while in state custody.[5]  He further alleges that he spoke with defendant Ms. Stanton in April 2021, provided her with his "Parole Plan" and evidence showing he is innocent of his crimes of conviction, and was assured by Stanton that she did not see any reason why parole would be denied a second time.[6]

Bressi's parole interview was held via video conference on May 3, 2021, in front of defendants Terry Smith and Leo Dunn.[7]  The Pennsylvania Parole Board, which Bressi also names as a defendant, denied parole one week later, citing six separate reasons for its decision.[8]  Bressi avers that he sought reconsideration of the Parole Board's denial, which was likewise rejected.[9]

Bressi filed suit in this Court on July 13, 2021, naming as Defendants the Parole Board, Stanton, Smith, and Dunn.[10]  He asserts a single constitutional tort: a substantive due process violation under the Fourteenth Amendment to the United

---

[3]  *See Commonwealth v. Bressi*, No. 1887 MDA 2017, 2019 WL 1125670, at *1 (Pa. Super. Ct. Mar. 12, 2019) (nonprecedential).

[4]  Doc. 1 at 2.

[5]  *Id.* at 3.

[6]  *Id.* at 3-4.

[7]  *Id.* at 1, 4-5.

[8]  *See* Doc. 1-1 at 1.

[9]  Doc. 1 at 7-10.

[10]  *See generally* Doc. 1.

States Constitution.[11]  As relief, he seeks "One Million Doll[a]rs" and immediate release from prison to serve the remainder of his sentence on parole.[12]  Defendants move to dismiss Bressi's Section 1983 complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[13]  That motion is ripe for disposition.

## II.   STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[14]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[15]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[16]

---

[11]  *Id.* at 2, 10, 12-13.

[12]  *Id.* at 12-13.

[13]  Doc. 16.

[14]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[15]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[16]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[17]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[18]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[19]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[20] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21]

Because Bressi proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[22]  This is particularly true when the *pro se* litigant, like Bressi, is incarcerated.[23]

## III.    DISCUSSION

Defendants identify five reasons why Bressi's complaint fails to state a claim upon which relief can be granted.  They argue that (1) Bressi's request for

---

[17]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[18]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[19]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[20]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[21]   *Iqbal*, 556 U.S. at 681.

[22]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[23]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

release from prison to immediate parole sounds in habeas corpus and not Section 1983; (2) the Parole Board should be dismissed because it is not a "person" subject to Section 1983 liability and because it enjoys Eleventh Amendment immunity from suit; (3) the complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (4) Bressi's allegations fail to state a civil rights violation with respect to his denial of parole; and (5) Smith and Dunn have absolute immunity from suit for their parole-related duties and decisions.  The Court need not address most of these arguments, however, because Bressi's Fourteenth Amendment substantive due process claim is irreparably flawed.

### A.    Substantive Due Process and Parole Determinations

Bressi alleges only one constitutional tort.  He claims that his substantive due process rights were violated when he was denied parole for what he claims was retaliation for "proclaiming/proving" his innocence.[24]

The Fourteenth Amendment's due process clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them."[25]  With respect to parole determinations, the United States Court of Appeals for the Third Circuit has held

---

[24]   Doc. 1 at 13.  As noted *infra*, according to the May 10, 2021 Parole Board decision, which Bressi attached to his complaint, there are at least three other reasons—unrelated to Bressi's failure to accept responsibility for his crimes of conviction—provided by the Parole Board for its denial.  *See* Doc. 1-1 at 1.

[25]   *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

that a parole board's decision can violate an inmate's substantive due process rights if it applies "standards that are divorced from the policy and purpose of parole" or other "impermissible criteria."[26]  Specifically, the specter of a substantive due process violation is raised only when "a parole board considers a factor that 'shocks the conscience.'"[27]  If, however, there is "some basis" for the parole board's decision, and that basis is not "constitutionally impermissible" or conscience shocking, a substantive due process challenge must fail.[28]

The unavoidable impediment for Bressi's Fourteenth Amendment claim is that a parole board's consideration of acceptance of responsibility as part of its decision has repeatedly been found to be rationally related to the legitimate penological objective of rehabilitation and, consequently, not conscience shocking. For example, in *McKune v. Lile*,[29] the Supreme Court of the United States explained that "[a]cceptance of responsibility is the beginning of rehabilitation,"[30] and was rationally related to rehabilitation, "a legitimate penological interest."[31] Likewise, in *Newman v. Beard*, a prisoner raised an almost identical argument—

---

[26] *See Block v. Potter*, 631 F.2d 233, 236 & n.2, 238, 240 (3d Cir. 1980); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) ("In *Block*, the . . . panel majority concluded that in [using arbitrary criteria for denying parole], the [Parole Board] violated substantive due process in grounding its action on constitutionally impermissible reasons." (internal quotation marks omitted)).

[27] *Holmes v. Christie*, 14 F.4th 250, 267 (3d Cir. 2021) (quoting *Newman*, 617 F.3d at 782).

[28] *See Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

[29] 536 U.S. 24 (2002).

[30] *Id.* at 47.

[31] *Id.* at 36-37.

claiming that his parole denial was "inextricably tied to [his] refusal to admit guilt."[32]  The Third Circuit affirmed dismissal of the inmate's substantive due process claim, explaining that consideration of refusal to admit guilt was not "foreign to the parole statute" or an impermissible factor.[33]

Moreover, Bressi has included with his complaint the full rationale of the Parole Board for its May 10, 2021 decision.  It denied parole based on the following reasons:

- Bressi's "prior unsatisfactory parole supervision history."

- "Reports, evaluations and assessments/level of risk indicates [Bressi's] risk to the community."

- Bressi's "failure to demonstrate motivation for success."

- Bressi's "minimization/denial of the nature and circumstances of the offense(s) committed."

- Bressi's "refusal to accept responsibility for the offense(s) committed."

- Bressi's "lack of remorse for the offense(s) committed."[34]

---

[32]  *Newman*, 617 F.3d at 782 (alteration in original).

[33]  *Id.* at 784; *see also Folk v. Attorney Gen. of Pa.*, 425 F. Supp. 2d 663, 672-73 (W.D. Pa. 2006) (holding that acceptance of responsibility for criminal behavior is a legitimate parole consideration and does not violate an inmate's substantive due process rights); *Goodman v. McVey*, No. 1:10-CV-2403, 2010 WL 5789388, at *4-5 (M.D. Pa. Dec. 8, 2010) (finding Parole Board's decision, which included consideration of acceptance of responsibility, not "conscience shocking" and recommending dismissal of substantive due process claim), *aff'd*, 428 F. App'x 125 (3d Cir. 2011) (nonprecedential).

[34]  Doc. 1-1 at 1.

This reasoning—which includes at least three justifications unrelated to acceptance of responsibility—defeats Bressi's substantive due process claim as pleaded. Furthermore, it demonstrates that any amendment to this claim would be futile. The Parole Board's rationale affirmatively establishes that a substantive due process challenge to the May 10, 2021 parole denial will not lie, as that denial was neither arbitrary, capricious, based on impermissible criteria, nor conscience shocking.[35]

## B.    Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[36]  Bressi, in fact, moved for leave to amend following the filing of Defendants' motion to dismiss.[37]  But, as explained above, Bressi's substantive due process claim is not capable of remediation.  Accordingly, the Court is constrained to dismiss Bressi's complaint with prejudice.[38]

---

[35]  *See Holmes*, 14 F.4th at 267; *Coady*, 251 F.3d at 487.

[36]  *Grayson*, 293 F.3d at 114.

[37]  *See* Doc. 24.  In his motion for leave to amend, Bressi states that he desires to amend his complaint to include claims against Defendants in their "individual capacity also."  *Id.* at 2. Bressi appears to believe that Defendants challenged his claims because they were brought against them in only their official capacities.  Bressi is mistaken.  First, it does not appear that Defendants made any argument regarding official versus individual capacity.  Second, and more importantly, the deficiencies with Bressi's complaint go to the core of his substantive due process claim and are unrelated to whether he names Stanton, Smith, and Dunn in their official or individual capacities.

[38]  *Grayson*, 293 F.3d at 114.

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Bressi's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge